## THE DANIEL KERN.

District Court, W. D. Washington, N. D.
August 3, 1928.

No. 3824.

1. Negligence ⬯121(1), 134(1)—Negligence is never presumed, but must be established by fair preponderance of evidence.

Negligence is never presumed, but must be established by a fair preponderance of the evidence.

2. Salvage ⬯22—Loss of barge in tow raises no presumption of negligence of tug rendering salvage service.

Loss of barge while in tow raises no presumption of negligence on part of tug rendering salvage service.

3. Salvage ⬯7—"Salvage service" is voluntary service to vessel in distress, entitling salvor to proportion of value of property saved, as well as compensation for services, while "towage" is service merely expediting voyage, and paid for by agreement or on quantum meruit.

"Salvage service" is a voluntary service, rendered to a vessel needing assistance in distress, present or reasonably apprehended, and compensated, not only for services rendered, but by gratuity predicated on proportion of value of property saved, as encouragement to others for like service, while "towage" is service for mere purpose of expediting voyage, without reference to danger or distress, and is paid for by agreement, or on basis of quantum meruit pro opere et labore.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Salvage Service; Towage.]

4. Salvage ⬯22—Good faith salvors must use judgment and skill of ordinarily prudent and capable man in preserving his own property.

Salvors in good faith are held to reasonable judgment and skill, such as a man of ordinary skill and capacity would use in the preservation of his own property.

In Admiralty. Libel by the Coastwise Steamship & Barge Company against the steamship Daniel Kern, her engines, tackle, etc., claimed by the Columbia Barge Company. Libel dismissed.

Trefethen & Findley, of Seattle, Wash., for libelant.

Winter S. Martin, of Seattle, Wash., for respondent.

NETERER, District Judge. The libelant seeks to recover the value of a barge known as St. David, alleged to have been lost while in tow of the respondent vessel, while proceeding from Yakutat harbor on the evening of October 30, 1917, through the carelessness and negligence of the master of the respondent running the barge upon a reef. Claimant denies negligence, denies towage service, and denies that the loss was occasioned through any act of omission or commission on the part of the officers of the respondent ship.

The commissioner began taking testimony on the 18th of January, 1918, on behalf of the libelant, and the testimony of the officers in charge of the respondent was taken at that time. The testimony was not concluded in the case until 1927, and the commissioner's findings and conclusions were filed in this court on the 23d of May, 1928. Exceptions to the commissioner's report were filed June 18, 1928, and thereafter argument was heard by the court on the exceptions, and the final brief submitted upon the exceptions July 18, 1928.

The issue involved is clearly a question of fact. This was determined against the libelant by the commissioner, who had before him all of the witnesses and observed their demeanor and manner of testifying. The testimony of the claimant as to the ultimate fact was given when all of the circumstances were fresh in the minds of the witnesses, and before any testimony had been given on behalf of the libelant. The libelant did not produce its witnesses until some time after the event, and necessarily the circumstances and knowledge with relation to the conduct and acts of the parties must have been considerably dimmed.

[1, 2] Without going into a detailed discussion and analysis of the evidence, I am satisfied, after reading the testimony and considering all of the circumstances detailed, that the burden placed upon the libelant has not been sustained. The findings of the commissioner are therefore approved. Negligence is never presumed, but must be established by a fair preponderance of the evidence. Loss of the barge raises no presumption of negligence on the part of the tug. The Steamer Webb, 81 U. S. (14 Wall.) 406, 20 L. Ed. 774. Disinterested witnesses, who were present and knew of many of the circumstances bearing upon the issue, were not called, nor their absence accounted for. It is obvious that these should have been called by the libelant, if they confirmed its contention, and, the absence being unaccounted for, if any thought is given thereto, it must be that the statements of these persons would be out of harmony with the testimony of the libelant's witnesses.

[3, 4] The service rendered by the respondent Daniel Kern was clearly a salvage service. The testimony cannot bring the status of the parties in any other relation. Salvage service is distinguished from a towage serv-

ice, in that a salvage service is a voluntary service, rendered to a vessel needing assistance in distress, present or reasonably apprehended (McConnochie v. Kerr [D. C.] 9 F. 50; The S. C. Schenk [C. C. A.] 158 F. 54; The Kennebec [C. C. A.] 231 F. 423; The Mercer [C. C. A.] 297 F. 981), and is compensated, not only for the services rendered, but also a gratuity for centuries predicated upon proportions of the value of the property saved, as encouragement to others for like service and effort for the benefit of commerce. Towage is a service for the mere purpose of expediting her voyage without reference to danger or distress (the Lowther Castle [D. C.] 195 F. 604), and is paid for by agreement or on the basis quantum meruit pro opere et labore (The Egypt [D. C.] 17 F. 359). Salvors in good faith are held to reasonable judgment and skill (The Laura, 81 U. S. [14 Wall.] 336, 20 L. Ed. 813; The Infanta Maria Teresa, 188 U. S. 283, 23 S. Ct. 412, 47 L. Ed. 477), such as a man of ordinary prudence and capacity would use in the preservation of his own property (The Shawmut [D. C.] 155 F. 476; The Henry Steers, Jr. [D. C.] 110 F. 578).

Judge Lurton, later Justice Lurton, of the Supreme Court in The Schenk, supra, said: "* * * There is no responsibility if the service was rendered in good faith, without clear evidence of culpable negligence or willful misconduct."

There is no such evidence in the record. From all of the testimony it is apparent that the officers of the claimant were acting in good faith, exercising reasonable judgment and skill, and there is no testimony of any culpability or willfulness in any fashion.

Order of dismissal will be entered on notice.